**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| DANA BOWMAN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 5:18-cv-00387-M |
| | § | |
| v. | § | |
| | § | |
| CONTINENTAL 279 FUND, LLC, CONTINENTAL PROPERTIES COMPANY, INC., McSHANE CONSTRUCTION COMPANY, LLC, and CONTINENTAL 292 FUND, LLC, | § § § § § § | |
| | § | |
| Defendants. | | |

**FIRST AMENDED COMPLAINT**

Comes now Dana Bowman, ("Plaintiff") alleges as follows:

**I.**
**INTRODUCTION**

1. Plaintiff Dana Bowman brings this action against Continental 279 Fund, LLC, Continental Properties Company, Inc., McShane Construction Company, LLC, and Continental 292 Fund, LLC ("Defendants") alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Springs at Memorial Apartments, 13331 N. MacArthur Boulevard, Oklahoma City, Oklahoma 73142 ("Springs Memorial") and the Springs at May Lakes Apartments,

9000 S. May Avenue, Oklahoma City, Oklahoma 73159 ("Springs May") (Springs Memorial and Springs May are sometimes hereinafter collectively referred to as the "Properties").

2. Plaintiff seeks monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619. This statute requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible features for people with disabilities.

3. Plaintiff is a handicapped veteran. He brings this civil rights action against the Defendants for failing to design and/or construct apartments with accessible and adaptable features for people with disabilities as required by the FHA. Defendants' apartment complex, the Springs at Memorial Apartments, is a multi-family dwelling that has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA.

4. The Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against the Defendants is necessary because of the extensive nature of the civil rights violations at the Properties.

## II.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a). Plaintiff asserts no state-law claims.

6. Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8. Plaintiff, Dana Bowman, is and, at all times relevant hereto, was a resident of the State of Texas. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Mr. Bowman is a retired Sergeant First Class in the United States Army. He was a Special Forces Soldier and a member of the U.S. Army's elite parachute team, the Golden Knights. While with the Golden Knights, Plaintiff lost the lower half of both of his legs. Mr. Bowman is a frequent speaker and advocate for disabled veterans.

10. Defendant Continental 279 Fund, LLC, is a Wisconsin limited liability company located at W134N8675 Executive Parkway, Menomonee Falls, Wisconsin 53051, and may be served with process through its registered agent, The Corporation Company, at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128. Upon information

and belief, said Defendant is the owner and participated in the design and construction of Springs Memorial.

11. Defendant Continental 292 Fund, LLC, is a Wisconsin limited liability company located at W134N8675 Executive Parkway, Menomonee Falls, Wisconsin 53051, and may be served with process through its registered agent, The Corporation Company, at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128. Upon information and belief, said Defendant is the owner and participated in the design and construction of Springs May.

12. Defendant Continental Properties Company, Inc., is a Wisconsin corporation located at W134N8675 Executive Parkway, Menomonee Falls, Wisconsin 53051, and may be served with process through its registered agent, The Corporation Company, at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128. Upon information and belief, said Defendant is the developer of the Properties and participated in the design and construction of the Properties.

13. Defendant McShane Construction Company, LLC, is a Delaware corporation located at 9500 W. Bryn Mawr Avenue, Suite 200, Rosemont, Illinois 60018 and may be served with process through its registered agent, The Corporation Company, at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128. Upon information and belief, said Defendant is a builder of the Properties and participated in the design and construction of the Properties.

## IV.
## STATUTORY BACKGROUND

**A. The FHA**

14. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and adaptable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

15. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction

requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

a) Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

b) Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

c) An accessible route into and through the dwelling;

d) Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

e) Reinforcements in bathroom walls that allow for the later installation of grab bars; and

f) Usable kitchens and bathrooms such that an individual in a wheelchair can

maneuver about the space.

16. Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction. Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

17. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed.Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

## V.
## FACTUAL BACKGROUND

### A. The "Properties".

18. The "Springs at Memorial Apartments" is an apartment complex located at 13331 N. MacArthur Boulevard, Oklahoma City, Oklahoma 73142. The Springs at Memorial Property consists of approximately 228 units. Said apartment complex is not served by elevators.

19. The "Springs at May Lakes Apartments" is an apartment complex located at 9000 S. May Avenue, Oklahoma City, Oklahoma 73159. The Springs at May Lakes Property consists of approximately 232 units. Said apartment complex is not served by elevators.

20. The Properties described above were designed and constructed for first occupancy after March 13, 1991.

21. The Properties contain "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

22. The covered multifamily dwellings at the Properties are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units.

**B. <u>Plaintiff's Investigation.</u>**

23. Plaintiff was researching apartments. Plaintiff visited the Properties and looked at one or more apartments. Plaintiff observed that there were accessibility problems that would interfere with his ability to navigate his wheelchair through and otherwise access the facilities.

24. As a result of Defendants' non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use the Properties.

25. Defendants' apartments lack various mandatory elements required by the FHA, to make the apartments accessible to and usable by people with disabilities.

26. As a disabled veteran, Plaintiff is concerned whether rental units are accessible to and usable by people with disabilities.

27. Plaintiff has been injured by the Defendants' discriminatory practices and failure to design and/or construct apartments that are constructed with accessible features for people with disabilities as required by the FHA. These blatant violations effectively communicate that people with disabilities are not welcome at the "Properties".

28. Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Properties in violation of their rights under the FHA.

## C. FHA Violations at Springs Memorial.

29. The Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at Springs Memorial include, but are not limited to, those outlined below. These allegations represent just some of the evidence of the Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of Springs Memorial will identify additional violations.

30. The Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008) and the 2010 Standards for Accessible Design under the Americans With Disabilities Act. For example:

a) The accessible route leading to some of the buildings was blocked because no curb stops were installed allowing parked vehicles to block the accessible route.

b) The accessible route leading to some of the buildings had excessively steep ramps.

c) There was no accessible route provided to the trash dumpsters.

d) There was no accessible route provided to the dog park.

e) The centralized mailbox center was not accessible.

f) There was no level surface provided at some of the gates and others lacked a clear space for maneuvering.

g) There were no accessible garages available at Springs Memorial.

h) Gates to the pool area had latches installed at heights above 48" limiting access to the pool area.

31. The Defendants have failed to design and/or construct accessible routes into and through all units within covered dwellings in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(I) and 24 C.F.R. § l00.205(c)(3)(i) (2008). For example:

a) There were round door knobs installed on the interior side of some of the entry doors which require tight grasping to operate.

32. The Defendants have failed to design and/or construct usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv)(2008). For example:

a) Some bathrooms are inaccessible because they lack the requisite clear floor space at the vanities.

33. Further, by failing to provide the accessible features required by 42 U.S.C. § 3604(f)(3)(C) at Springs Memorial for people with physical disabilities, including but not limited to those outlined above, the Defendants have made dwellings unavailable to people with physical disabilities in violation of 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## D. FHA Violations at Springs May.

34. The Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at Springs May include, but are not limited to, those outlined below. These allegations represent just some of the evidence of the Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of the Springs May Property will identify additional violations.

35. The Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008) and the 2010 Standards for Accessible Design under the Americans With Disabilities Act. For example:

a) The accessible route leading to some of the buildings was blocked because no curb stops were installed allowing parked vehicles to block the accessible route.

b) The accessible route leading to some of the buildings had excessively steep ramps.

c) There was no accessible route provided to the trash dumpsters.

d) There was no accessible route provided to the dog park.

e) The centralized mailbox center was not accessible.

f) There was no level surface provided at some of the gates and others lacked a clear space for maneuvering.

g) There were no accessible garages available at Springs May.

h) Gates to the pool area had latches installed at heights above 48" limiting access to the pool area.

i) There was no accessible route provided to public transportation stops or to public streets or sidewalks from the accessible building entrances.

j) Some of the buildings lacked an accessible route between the buildings and site amenities, including the pool area.

36. The Defendants have failed to design and/or construct accessible routes into and through all units within covered dwellings in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(I) and 24 C.F.R. § l00.205(c)(3)(i) (2008). For example:

a) The accessible route to some ground floor units had excessive slopes and were not designed as ramps.

37. The Defendants have failed to design and/or construct usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv)(2008). For example:

a) Some bathrooms are inaccessible because they lack the requisite clear floor space at the vanities.

38. Further, by failing to provide the accessible and usable features required by 42 U.S.C. § 3604(f)(3)(C) at Springs May for people with physical disabilities, including

but not limited to those outlined above, the Defendants have made dwellings unavailable to people with physical disabilities in violation of 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## VI.
## CAUSE OF ACTION

**For violation of the FHA, 42 U.S.C. § 3601, et seq.**

39. The allegations in the preceding paragraphs are incorporated by reference.

40. The Properties contain residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

41. At the Properties, all ground-floor units are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Properties are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

42. Through the actions and inactions described above, the Defendants have:

a) discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

b) discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of

services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

c) failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

43. The Defendants' discriminatory conduct has damaged Plaintiff.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action the Defendants were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining the Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

1. with regard to the Properties, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act ("ADA") and the applicable regulations; to comply with such procedures for inspection and

certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

2. failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

3. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendants' unlawful housing practices.

c. An injunction enjoining the Defendants from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendants and any retrofits ordered by the Court to be made at the Properties, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendants;

d. Award such damages as would fully compensate Plaintiff for his injuries incurred as a result of the Defendants' discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e. Award such punitive damages against the Defendants as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

f. Payment of costs of suit;

g. Payment of reasonable attorneys' fees and expert fees, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

h. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: April 30, 2018.

Respectfully Submitted,

CALHOUN & ASSOCIATES

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Oklahoma Bar No. 33366
1595 N. Central Expressway
Richardson, Texas 75080
(214) 766-8100
(214) 308-1947 Fax
eric@ecalhounlaw.com
egcla@ecalhounlaw.com (Assistant)

ATTORNEYS FOR PLAINTIFF