**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANA BOWMAN,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL 279 FUND, LLC, CONTINENTAL PROPERTIES COMPANY, INC., McSHANE CONSTRUCTION COMPANY, LLC, and CONTINENTAL 292 FUND, LLC<br><br>Defendants.<br><br>CONTINENTAL 279 FUND, LLC, CONTINENTAL PROPERTIES COMPANY, INC., and CONTINENTAL 292 FUND, LLC<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>PHILLIPS PARTNERSHIP, P.C., KIMLEY-HORN AND ASSOCIATES, INC., ZEFFERT & ASSOCIATES, INC., ANCHOR ENGINEERING, L.L.C.<br><br>Third-Party Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No.: CIV-18-387-D<br><br>**Third-Party Complaint of Continental 279 Fund, LLC, Continental Properties Company, Inc., and Continental 292 Fund, LLC** |

**<u>THIRD-PARTY COMPLAINT</u>**

Continental 279 Fund LLC, Continental Properties Company, Inc., and Continental 292 Fund LLC (collectively "Continental Defendants" or "Continental Third-Party Plaintiffs"), by and through their counsel, Duane Morris LLP, hereby file this Third-Party

Complaint against Phillips Partnership, P.C., Kimley-Horn and Associates, Inc., Zeffert & Associates, Inc., and Anchor Engineering, L.L.C., and in support thereof state as follows:

## I. Parties

1. Defendant and Third-Party Plaintiff, Continental Properties Company, Inc. ("Continental Properties") is a Wisconsin corporation with a principal office located at W134N8675 Executive Parkway, Menomonee Falls, WI 53051, which developed the Springs at Memorial Apartments located at 13331 N. MacArthur Boulevard, Oklahoma City, OK ("Springs Memorial") and the Springs at May Lakes Apartments located at 9900 S. May Ave., Oklahoma City, OK ("Springs May," and collectively with Springs Memorial, the "Properties"), which are the properties at issue in this matter.

2. Defendant and Third-Party Plaintiff, Continental 279 Fund LLC is a Wisconsin limited liability company with a principal office located at W134N8675 Executive Parkway, Menomonee Falls, WI 53051, which owns the Springs Memorial property.

3. Defendant and Third-Party Plaintiff, Continental 292 Fund LLC is a Wisconsin limited liability company with a principal office located at W134N8675 Executive Parkway, Menomonee Falls, WI 53051, which owns the Springs May property.

4. Plaintiff, Dana Bowman is an adult individual who is a resident of the State of Texas.

5. Third-Party Defendant, Phillips Partnership, P.C. ("Phillips") is a Georgia professional corporation with a principal office located at 5901 Peachtree Dunwoody Road,

Building A, Suite 450, Atlanta, GA 30328, which is engaged in the business of providing architecture and design services.

6. Third-Party Defendant, Kimley-Horn and Associates, Inc. ("KHA") is a North Carolina corporation with a principal office located at 421 Fayetteville Street, Suite 600, Raleigh, NC 27601, which is engaged in the business of providing site design and engineering services.

7. Third-Party Defendant, Zeffert & Associates, Inc. ("Zeffert") is a Georgia corporation with a principal office located at 12101 Woodcrest Executive Drive, Ste. 180, St. Louis, MO 63141.

8. Third-Party Defendant, Anchor Engineering, L.L.C. ("Anchor") is an Oklahoma limited liability company with a principal office located at 12617 South Mcloud Road, Mcloud, OK 74851, which is engaged in the business of providing civil engineering services.

## II. Jurisdiction and Venue

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §3613(a). Plaintiff has not asserted any state-law claims.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the claims against Phillips, KHA, Zeffert, and Anchor because those claims arise from the same nucleus of facts as the claims against the Continental Defendants.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) since the Springs Memorial and Springs May projects at issue are located in Oklahoma City, OK.

## III. <u>Facts</u>

12. Plaintiff filed his First Amended Complaint in the underlying action on April 30, 2018, alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "FHA") with regard to lack of accessibility at the Properties.

13. The Continental Defendants incorporate as if set forth fully herein all allegations in their Answer, Doc. No. 7.

14. However, to the extent that Plaintiff establishes any liability on the part of the Continental Defendants, such liability would be the result, in part, of the negligent acts of Phillips, KHA, Zeffert, and Anchor and the failure of these entities to perform their work on the Properties in accordance with the contract documents, in a workmanlike manner, or in accordance with professional standards.

15. Accordingly, to the extent the Plaintiff establishes its allegations of liability against the Continental Defendants, or any of them, relating to the Properties as true, and is adjudged damages against any of the Continental Defendants, the Continental Defendants are entitled to recover such damages from the Third-Party Defendants to the extent such damages are deemed attributable to each such party.

***Springs May***

16. On September 18, 2013, Continental 292 Fund LLC entered into a contract with KHA, for KHA to prepare engineering plans for, *inter alia*, site layout (including curbs and sidewalks) and grading (including ADA slope requirements) for the Springs May property (the "KHA Springs May Contract").

17. Pursuant to the KHA Springs May Contract, KHA agreed that "[a]ll plans shall be prepared in general conformance with applicable federal, state, county, and local governmental requirements."

18. The KHA Springs May Contract also states that "[KHA] will perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of [KHA]'s profession at the time of service."

19. On March 26, 2014, Continental 292 Fund LLC entered into a contract with Phillips, for Phillips to provide architectural services, including design and construction documents for the Springs May project (the "Phillips Springs May Contract").

20. Pursuant to the Phillips Springs May Contract, Phillips represented to Continental 292 Fund LLC that "the design of the Work and all Instruments of Service prepared by Architect under this Agreement shall comply with any and all applicable federal, state, and local codes, laws, ordinances, regulations, rules and statutes including, without limitation, …the Americans with Disabilities Act of 1990 and the Fair Housing Act."

21. Pursuant to the Phillips Springs May Contract, Phillips further agreed that it would "perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances."

22. On June 16, 2014, Continental 292 Fund LLC entered into a contract with Zeffert (the "Zeffert Springs May Contract" and collectively with the KHA Springs May Contract and the Phillips Springs May Contract, the "Springs May Contracts"), for Zeffert

to review civil and architectural drawings and conduct site inspections for the Springs May property, to ensure compliance with, *inter alia*, the FHA.

23. The Zeffert Springs May Contract states that "[Zeffert] will perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of [Zeffert]'s profession at the time of service."

24. The Springs May project was constructed in accordance with the plans prepared by KHA and Phillips, and reviewed by Zeffert.

25. Zeffert provided Continental 292 Fund LLC with a Handicap Accessibility Review report for Springs May, dated April 14, 2016, based on a final site visit on April 5, 2016.

***Springs Memorial***

26. On January 6, 2014, Continental 279 Fund LLC entered into a contract with Anchor, for Anchor to prepare survey and engineering plans for the Springs Memorial property (the "Anchor Springs Memorial Contract").

27. The Anchor Springs Memorial Contract states that Anchor "shall conduct their surveys in accordance with all applicable jurisdictional requirements and standards of practice" and "perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of [Anchor]'s profession at the time of service."

28. On March 11, 2014, Continental 279 Fund LLC entered into a contract with KHA, for KHA to prepare engineering plans for, *inter alia*, site layout (including curbs and

sidewalks) and grading (including ADA slope requirements) for the Springs Memorial property (the "KHA Springs Memorial Contract").

29. Pursuant to the KHA Springs Memorial Contract, KHA agreed to "[p]repare construction site documents/plans conforming to applicable federal, state, county, and local authorities' requirements."

30. The KHA Springs Memorial Contract also states that "[KHA] will perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of [KHA]'s profession at the time of service."

31. On December 3, 2013, Continental 279 Fund LLC entered into a contract with Phillips, for Phillips to provide architectural services, including design and construction documents for the Springs Memorial project (the "Phillips Springs Memorial Contract").

32. Pursuant to the Phillips Springs Memorial Contract, Phillips represented to Continental 279 Fund LLC that "the design of the Work and all Instruments of Service prepared by Architect under this Agreement shall comply with any and all applicable federal, state, and local codes, laws, ordinances, regulations, rules and statutes including, without limitation, …the Americans with Disabilities Act of 1990 and the Fair Housing Act."

33. Pursuant to the Phillips Springs Memorial Contract, Phillips further agreed that it would "perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances."

34. On March 24, 2014, Continental 279 Fund LLC entered into a contract with Zeffert (the "Zeffert Springs Memorial Contract" and collectively with the KHA Springs Memorial Contract, the Phillips Springs Memorial Contract, and the Anchor Springs Memorial Contract, the "Springs Memorial Contracts"), for Zeffert to review civil and architectural drawings and conduct site inspections for the Springs Memorial property, to ensure compliance with, *inter alia*, the FHA.

35. The Zeffert Springs Memorial Contract states that "[Zeffert] will perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of [Zeffert]'s profession at the time of service."

36. The Springs Memorial project was constructed in accordance with the plans prepared by KHA, Phillips, and Anchor and reviewed by Zeffert.

37. Zeffert provided Continental 279 Fund LLC with a Handicap Accessibility Review report for Springs Memorial, dated December 5, 2015, based on a final site visit on December 2, 2015.

38. The Continental Defendants performed all their obligations under the Springs May Contracts and the Springs Memorial Contracts.

39. Plaintiff's Expert Report of Gina Hilberry, AIA alleges that, as pertaining to plans prepared by KHA, *inter alia*, no accessible routes are available to certain portions of the Properties due to missing sidewalks and curb ramps, and certain existing ramps have excessive slopes.

40. Plaintiff's Expert Report of Gina Hilberry, AIA alleges that, as pertaining to plans prepared by Phillips, *inter alia*, there are inadequate clearances at common doors and

gates, exterior outlets and garage door switches are inaccessible, and clearances between kitchen elements are inadequate.

41. Plaintiff's Expert Report of Gina Hilberry, AIA alleges certain noncompliances with the FHA that were not identified in the inspection reports Zeffert provided to the Continental Defendants.

42. Plaintiff's Expert Report of Gina Hilberry, AIA alleges certain civil engineering deficiencies as pertaining to plans prepared by Anchor.

43. As a result of the failures of KHA, Phillips, Zeffert and Anchor to perform their contractual obligations to the Continental Defendants, the Continental Defendants have been required to and are proceeding to defend themselves from the claims of Plaintiff, thereby incurring attorneys' fees as well as potential liabilities to be proven at trial.

**COUNT I – BREACH OF CONTRACT (KHA)**

44. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 43 hereof as if set forth fully herein.

45. The Continental Defendants entered into the KHA Springs Memorial Contract and the KHA Springs May Contract (collectively, the "KHA Contracts") with KHA, for KHA to prepare engineering plans for, *inter alia*, site layout (including curbs and sidewalks) and grading (including ADA slope requirements) at the Properties.

46. Pursuant to the terms of the KHA Contracts, KHA agreed to "[p]repare construction site documents/plans conforming to applicable federal, state, county, and local authorities' requirements" and that "[a]ll plans shall be prepared in general conformance with applicable federal, state, county, and local governmental requirements."

47. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, KHA would be liable to the Continental Defendants for breach of the KHA Contracts due to, *inter alia*, its failure to properly complete its work and correct defective work performed thereunder.

48. As a direct and proximate result of KHA's breach of the KHA Contracts, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant KHA for all damages incurred, together with attorneys' fees and costs pursuant to the KHA Contracts, and such further relief as this Court deems just and proper.

**COUNT II – BREACH OF CONTRACT (PHILLIPS)**

49. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 48 hereof as if set forth fully herein.

50. The Continental Defendants entered into the Phillips Springs Memorial Contract and the Phillips Springs May Contract (collectively, the "Phillips Contracts") with Phillips, for Phillips to provide architectural services, including design and construction documents for the Properties.

51. Pursuant to the terms of the Phillips Contracts, Phillips represented to Continental 279 Fund LLC that "the design of the Work and all Instruments of Service prepared by Architect under this Agreement shall comply with any and all applicable

federal, state, and local codes, laws, ordinances, regulations, rules and statutes including, without limitation, …the Americans with Disabilities Act of 1990 and the Fair Housing Act."

52. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, Phillips would be liable to the Continental Defendants for breach of the Phillips Contracts due to, *inter alia*, its failure to properly complete its work and correct defective work performed thereunder.

53. As a direct and proximate result of Phillips' breach of the Phillips Contracts, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant Phillips for all damages incurred, together with attorneys' fees and costs pursuant to the Phillips Contracts, and such further relief as this Court deems just and proper.

**COUNT III – BREACH OF CONTRACT (ZEFFERT)**

54. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 53 hereof as if set forth fully herein.

55. The Continental Defendants entered into the Zeffert Springs Memorial Contract and the Zeffert Springs May Contract (collectively, the "Zeffert Contracts") with Zeffert, for Zeffert to review civil and architectural drawings and conduct site inspections of the Properties to ensure compliance with, *inter alia*, the FHA.

56. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, Zeffert would be liable to the Continental Defendants for breach of the Zeffert Contracts due to, *inter alia*, its failure to properly complete its work performed thereunder.

57. As a direct and proximate result of Zeffert's breach of the Zeffert Contracts, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant Zeffert for all damages incurred, together with attorneys' fees and costs pursuant to the Zeffert Contracts, and such further relief as this Court deems just and proper.

**COUNT IV – BREACH OF CONTRACT (ANCHOR)**

58. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 57 hereof as if set forth fully herein.

59. The Continental Defendants entered into the Anchor Springs Memorial Contract with Anchor, for Anchor to provide surveying and civil engineering services at the Springs Memorial property.

60. Pursuant to the terms of the Anchor Springs Memorial Contract, Anchor agreed to "conduct their surveys in accordance with all applicable jurisdictional requirements and standards of practice" and "perform its services using that degree of care

and skill ordinarily exercised under similar conditions by reputable members of [Anchor]'s profession at the time of service."

61. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, Anchor would be liable to the Continental Defendants for breach of the Anchor Springs Memorial Contract due to, *inter alia*, its failure to properly complete its work and correct defective work performed thereunder.

62. As a direct and proximate result of Anchor's breach of the Anchor Springs Memorial Contract, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant Anchor for all damages incurred, together with attorneys' fees and costs pursuant to the Anchor Springs Memorial Contract, and such further relief as this Court deems just and proper.

**<u>COUNT V – NEGLIGENCE (KHA)</u>**

63. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 62 hereof as if set forth fully herein.

64. KHA provided engineering services for the Properties, including preparation of engineering plans for, *inter alia*, site layout (including curbs and sidewalks) and grading (including ADA slope requirements) at the Properties, and owed the Continental Defendants a duty to exercise that reasonable degree of skill and care ordinarily employed

by design professionals under similar conditions and in like circumstances, including compliance with all federal, state and local laws, codes, ordinances, rules, regulations and requirements applicable to the design and construction of the Properties.

65. KHA knew or should have known, and could foresee, that if it breached its duty to the Continental Defendants by negligently performing its work under the KHA Contracts, KHA would cause harm and damage to the Continental Defendants.

66. Plaintiff has sued the Continental Defendants for alleged defects and deficiencies relating to the accessibility of the Properties and alleged violations of the FHA.

67. Plaintiff seeks damages from the Continental Defendants, including but not limited to an award for compensatory and punitive damages, attorneys' fees and costs of suit, and the costs that will be incurred to remedy the alleged defects and deficiencies at the Properties.

68. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, KHA would be liable to the Continental Defendants due to its breach of its duty of care by failing to properly engineer and design the site layout (including curbs and sidewalks) and grading (including ADA slope requirements) at the Properties and such failures falling below the standard of care required for engineering professionals at the time and place KHA provided its services.

69. As a direct and proximate result of KHA's breach of its duty of care, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant KHA for all damages incurred, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## COUNT VI – NEGLIGENCE (PHILLIPS)

70. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 69 hereof as if set forth fully herein.

71. Phillips provided architectural services for the Properties, including preparation of design and construction documents for the Properties, and owed the Continental Defendants a duty to exercise that reasonable degree of skill and care ordinarily employed by architectural and design professionals under similar conditions and in like circumstances, including compliance with all federal, state and local laws, codes, ordinances, rules, regulations and requirements applicable to the design and construction of the Properties.

72. Phillips knew or should have known, and could foresee, that if it breached its duty to the Continental Defendants by negligently performing its work under the Phillips Contracts, Phillips would cause harm and damage to the Continental Defendants.

73. Plaintiff has sued the Continental Defendants for alleged defects and deficiencies relating to the accessibility of the Properties and alleged violations of the FHA.

74. Plaintiff seeks damages from the Continental Defendants, including but not limited to an award for compensatory and punitive damages, attorneys' fees and costs of suit, and the costs that will be incurred to remedy the alleged defects and deficiencies at the Properties.

75. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, Phillips would be liable to the Continental Defendants due to its breach of its duty of care by failing to properly provide architectural services for the Properties, including preparation of design and construction documents, and such failures falling below the standard of care required for architectural and design professionals at the time and place Phillips provided its services.

76. As a direct and proximate result of Phillips' breach of its duty of care, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant Phillips for all damages incurred, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## COUNT VII – NEGLIGENCE (ZEFFERT)

77. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 76 hereof as if set forth fully herein.

78. Zeffert provided consulting services to the Continental Defendants for the Properties, including review of civil and architectural drawings and conducting site inspections of the Properties to ensure compliance with, *inter alia*, the FHA, and owed the Continental Defendants a duty to exercise that reasonable degree of skill and care ordinarily employed by consulting professionals under similar conditions and in like circumstances,

including compliance with all federal, state and local laws, codes, ordinances, rules, regulations and requirements applicable to the design and construction of the Properties.

79. Zeffert knew or should have known, and could foresee, that if it breached its duty to the Continental Defendants by negligently performing its work under the Zeffert Contracts, Zeffert would cause harm and damage to the Continental Defendants.

80. Plaintiff has sued the Continental Defendants for alleged defects and deficiencies relating to the accessibility of the Properties and alleged violations of the FHA.

81. Plaintiff seeks damages from the Continental Defendants, including but not limited to an award for compensatory and punitive damages, attorneys' fees and costs of suit, and the costs that will be incurred to remedy the alleged defects and deficiencies at the Properties.

82. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, Zeffert would be liable to the Continental Defendants due to its breach of its duty of care by failing to properly provide consulting services for the Properties, including review of civil and architectural drawings and conducting site inspections of the Properties to ensure compliance with, *inter alia*, the FHA, and such failures falling below the standard of care required for consulting professionals at the time and place Zeffert provided its services.

83. As a direct and proximate result of Zeffert's breach of its duty of care, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant Zeffert for all damages incurred, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## COUNT VIII – NEGLIGENCE (ANCHOR)

84. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 83 hereof as if set forth fully herein.

85. Anchor provided surveying and civil engineering services to the Continental Defendants for the Springs Memorial property, and owed the Continental Defendants a duty to exercise that reasonable degree of skill and care ordinarily employed by engineering professionals under similar conditions and in like circumstances, including compliance with all federal, state and local laws, codes, ordinances, rules, regulations and requirements applicable to the design and construction of the Springs Memorial property.

86. Anchor knew or should have known, and could foresee, that if it breached its duty to the Continental Defendants by negligently performing its work under the Anchor Springs Memorial Contract, Anchor would cause harm and damage to the Continental Defendants.

87. Plaintiff has sued the Continental Defendants for alleged defects and deficiencies relating to the accessibility of the Springs Memorial property and alleged violations of the FHA.

88. Plaintiff seeks damages from the Continental Defendants, including but not limited to an award for compensatory and punitive damages, attorneys' fees and costs of

suit, and the costs that will be incurred to remedy the alleged defects and deficiencies at the Springs Memorial property.

89. Although the Continental Defendants deny the material allegations in Plaintiff's First Amended Complaint, to the extent the Continental Defendants, or any of them, are found liable to Plaintiff, Anchor would be liable to the Continental Defendants due to its breach of its duty of care by failing to properly provide engineering services for the Springs Memorial property, and such failures falling below the standard of care required for engineering professionals at the time and place Anchor provided its services.

90. As a direct and proximate result of Anchor's breach of its duty of care, the Continental Defendants have sustained, and will continue to sustain, damages, including without limitation, those damages arising from Plaintiff's claims.

WHEREFORE, the Continental Defendants / Third-Party Plaintiffs demand judgment against Third-Party Defendant Anchor for all damages incurred, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

**COUNT IX – CONTRIBUTION (ALL THIRD-PARTY DEFENDANTS)**

91. The Continental Defendants reincorporate and re-aver the allegations set forth in Paragraphs 1 through 90 hereof as if set forth fully herein.

92. Plaintiff's injuries as alleged in his First Amended Complaint, if proven, are the result of the Third-Party Defendants' actions or inactions in performing their scope of work for the Properties.

93. The Continental Defendants deny liability to Plaintiff, but if held liable to Plaintiff, they are entitled to contribution from the Third-Party Defendants to the extent of their pro rata share of liability.

94. Continental Properties and Continental 279 Fund LLC are entitled to contribution from Phillips for its acts including negligence in failing to properly prepare drawings and documents used and relied upon for the construction of Springs Memorial to comply with the FHA.

95. Continental Properties and Continental 292 Fund LLC are entitled to contribution from Phillips Partnership for its acts including negligence in failing to properly prepare drawings and documents used and relied upon for the construction of Springs May to comply with the FHA.

96. Continental Properties and Continental 279 Fund LLC are entitled to contribution from KHA for its acts including negligence in failing to properly provide survey, site civil, and landscape services, and prepare construction plans and documents used and relied upon for the construction of Springs Memorial to comply with the FHA.

97. Continental Properties and Continental 292 Fund LLC are entitled to contribution from KHA for its acts including negligence in failing to properly provide survey, site civil, and landscape services, and prepare construction plans and documents used and relied upon for the construction of Springs May to comply with the FHA.

98. Continental Properties and Continental 279 Fund LLC are entitled to contribution from Zeffert for its acts including negligence in completing plan reviews and site inspections of Springs Memorial to ensure compliance with the FHA.

99. Continental Properties and Continental 292 Fund LLC are entitled to contribution from Zeffert for its acts including negligence in completing plan reviews and site inspections of Springs May to ensure compliance with the FHA.

100. Continental Properties and Continental 279 Fund LLC are entitled to contribution from Anchor for its acts including negligence in completing surveys and civil engineering plans for Springs Memorial to ensure compliance with the FHA.

**WHEREFORE**, for the foregoing reasons, Continental Defendants demand judgment against the Third-Party Defendants, for any amounts assessed, awarded, adjudged or entered against them in and/or as a result of the instant action, along with all costs incurred by the Continental Defendants in their defense, and such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ A. Michelle Campney*
A. Michelle Campney, OBA #12990
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
amcampney@phillipsmurrah.com

and

J. Colin Knisely (*Pro Hac Vice*)
DUANE MORRIS LLP
*Co-Counsel for Defendant*
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 979-1020 – FAX
cknisely@duanemorris.com

***ATTORNEYS FOR DEFENDANTS CONTINENTAL 279 FUND LLC, CONTINENTAL 292 FUND LLC AND CONTINENTAL PROPERTIES COMPANY, INC.***

**CERTIFICATE OF SERVICE**

I, A. Michelle Campney, hereby certify that on February 27, 2019, I caused the foregoing document to be served on counsel of record via the Court's ECF System.

*/s/ A. Michelle Campney*
A. Michelle Campney, OBA #12990

01337908.DOCX