**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANA BOWMAN,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL 279 FUND, LLC, CONTINENTAL PROPERTIES COMPANY, INC., McSHANE CONSTRUCTION COMPANY, LLC, and CONTINENTAL 292 FUND, LLC,<br><br>Defendants,<br><br>and<br><br>McSHANE CONSTRUCTION COMPANY, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PHILLIPS PARTNERSHIP, P.C., KIMLEY-HORN AND ASSOCIATES, INC., ANCHOR ENGINEERING, L.L.C., ZEFFERT & ASSOCIATES, INC., INNOVATIVE CONCRETE SOLUTIONS, LLC, and ELLIOTT ELECTRICAL, INC.,<br><br>Third-Party Defendants. | ) | Case No. 5:18-cv-00387-D<br><br>Jury Trial Demanded |

## <u>THIRD PARTY COMPLAINT</u>
## <u>OF MCSHANE CONSTRUCTION COMPANY, LLC</u>

Third-Party Plaintiff McShane Construction Company, LLC ("McShane") alleges as follows:

## I. INTRODUCTION

1. Plaintiff Dana Bowman brought this action against Defendants Continental 279 Fund, LLC, Continental 292 Fund, LLC, and Continental Properties Company, Inc. (collectively, "Continental") and McShane Construction Company, LLC ("McShane") alleging violations of the Fair Housing Act, Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619.

2. Plaintiff's allegations involve two apartment complexes, the Springs at Memorial Apartments ("Springs Memorial") and the Springs at May Lakes Apartments ("Springs May Lakes") (collectively, the "Properties"). Springs Memorial and Springs May Lakes were developed by Defendant Continental Properties Company, Inc. and are owned by Continental 279 Fund, LLC and Continental 292 Fund, LLC, respectively. McShane acted as the general contractor for the construction of the Properties.

3. Plaintiff seeks to hold McShane accountable for alleged FHA violations resulting from inadequate plans or specifications provided by the architect, civil engineer, and accessibility consultant for the Properties and the installation of noncompliant features by the sidewalk installer and electrical contractor subcontracted by McShane.

4. McShane therefore seeks to join as additional defendants Phillips Partnership, P.C., Kimley-Horn and Associates, Inc., Anchor Engineering, L.L.C., Zeffert & Associates, Inc., Innovative Concrete Solutions, LLC, and Elliott Electrical, Inc. (collectively, the "Third-Party Defendants"), as the Third-Party Defendants may be liable for all or part of Plaintiff's claims against McShane.

## II. JURISDICTION AND VENUE

5. Because Plaintiff Dana Bowman's Complaint against Continental and McShane alleges original jurisdiction of this Court under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a), the Court has supplemental and ancillary jurisdiction for all of McShane's claims against the Third-Party Defendants pursuant to 28 U.S.C § 1367(a). Plaintiff alleges violations of a claim or right arising under the laws of the United States, and McShane's claims against the Third-Party Defendants are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. The Court has personal jurisdiction because the Third-Party Defendants' conduct giving rise to McShane's claims occurred in the Western District of Oklahoma and the Third-Party Defendants do substantial business in the Western District of Oklahoma.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. PARTIES

8. Third-Party Plaintiff McShane is a Delaware limited liability company having its principal place of business at 9500 W. Bryn Mawr Avenue, Suite 200, Rosemont, Illinois 60018.

9. Upon information and belief, Third-Party Defendant Phillips Partnership, P.C. ("Phillips") is a Georgia professional corporation having its principal place of business at 5901 Peachtree Dunwoody Road, Building A, Suite 450, Atlanta, Georgia 30328, and may be served with process through its registered agent, Linda A. Klein, 3414 Peachtree

Road, Suite 1600, Atlanta, Georgia 30326. Phillips served as the architect responsible for, *inter alia*, providing design and construction documents for the Properties.

10. Upon information and belief, Third-Party Defendant Kimley-Horn and Associates, Inc. ("Kimley-Horn") is a North Carolina corporation having its principal place of business at 421 Fayetteville Street, Suite 600, Raleigh, North Carolina 27601, and may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Suite 1011, Raleigh, North Carolina 27601. Kimley-Horn provided civil engineering services in connection with the development and construction of the Properties, including, *inter alia*, the preparation of engineering plans.

11. Upon information and belief, Third-Party Defendant Anchor Engineering, L.L.C. ("Anchor") is an Oklahoma limited liability company having its principal place of business at 10804 Quail Plaza Drive, Oklahoma City, Oklahoma 73120, and may be served with process through its registered agent, Dwight H. Butler, 12617 S. McCloud Road, McCloud, Oklahoma 74851-8509. Anchor provided civil engineering services in connection with the development and construction of Springs Memorial.

12. Upon information and belief, Third-Party Defendant Zeffert & Associates, Inc. ("Zeffert") is a Georgia corporation having its principal place of business at 12101 Woodcrest Executive Drive, Suite 180, St. Louis, Missouri 63141, and may be served with process through its registered agent, David A. Pope, 4875 Riverside Drive, Suite 200, Macon, Georgia 31210. Zeffert served as the accessibility consultant in connection with the development and construction of the Properties.

13. Upon information and belief, Third-Party Defendant Innovative Concrete Solutions, LLC ("ICS") is an Oklahoma limited liability company having its principal place of business at 1617 S. Lowery Street, Oklahoma City, Oklahoma 73129, and may be served with process through its registered agent, Rick Metheny, 1617 S. Lowery Street, Oklahoma City, Oklahoma 73129. Innovative Concrete Solutions installed the sidewalks and handicap ramps at the Properties pursuant to a subcontract with McShane.

14. Upon information and belief, Third-Party Defendant Elliott Electrical, Inc. ("Elliott") is an Arkansas corporation having its principal place of business at 117 S. Richards Street, Benton, Arkansas 72015, and may be served with process through its registered agent, Albert Lloyd Elliott, 3209 Duncan Road, Benton, Arkansas 72019. Elliott Electrical performed electrical work at the Properties pursuant to a subcontract with McShane.

## IV. FACTUAL BACKGROUND

15. In his First Amended Complaint, Plaintiff Dana Bowman alleges that Continental and McShane failed "to design and/or construct apartments with accessible and adaptable features for people with disabilities as required by the FHA." [Doc. No. 3, ¶ 3.].

16. Plaintiff seeks monetary, declaratory, and injunctive relief from Continental and McShane as a result of the alleged violations of the FHA, including compensatory and punitive damages and attorneys' fees.

### Third-Party Defendant Phillips

17. Third-Party Defendant Phillips entered into an agreement, dated December 3, 2013, with Continental 279 Fund LLC pursuant to which Phillips agreed to provide design and construction documents for Springs Memorial

18. Third-Party Defendant Phillips entered into an agreement, dated March 26, 2014, with Continental 292 Fund LLC pursuant to which Phillips agreed to provide design and construction documents for Springs May Lakes

19. The Phillips Springs Memorial Agreement and the Phillips Springs May Lakes Agreement both provide that the design shall comply with federal, state, and local law and regulations—including the FHA—as follows:

> All buildings shall be designed to comply with specific requirements of the site as directed by local and state code.

(Phillips Springs Memorial Agreement, at 1); (Phillips Springs May Lakes Agreement, at 2).

> Architect represents to Owner that the design of the Work and all Instruments of Service prepared by Architect under this Agreement shall comply with any and **all applicable federal, state and local codes, laws, ordinances, regulations, rules and statutes including**, without limitation, all City of Oklahoma City and State of Oklahoma building codes, the Americans with Disabilities Act of 1990 and **the Fair Housing Act**.

(Phillips Springs Memorial Agreement, at § 3.1.5) (emphasis added); (Phillips Springs May Lakes Agreement, at § 3.1.5) (emphasis added).

20. The Phillips Springs Memorial Agreement and the Phillips Springs May Lakes Agreement also explicitly state that Phillips will exercise the professional skill and care ordinarily provided by architects:

> The Architect shall perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances. The Architect shall perform its services as expeditiously as is consistent with such professional skill and care and the orderly progress of the Project.

(Phillips Springs Memorial Agreement, at § 2.2); (Phillips Springs May Lakes Agreement, at § 2.2).

21. The Phillips Springs Memorial Agreement and the Phillips Springs May Lakes Agreement require Phillips to coordinate the provision of its services with McShane. *See* (Phillips Springs Memorial Agreement, at § 3.1.2); (Phillips Springs May Lakes Agreement, at § 3.1.2) ("The Architect shall coordinate its services with those services provided by the Owner and the Owner's consultants.").

22. McShane is a third-party beneficiary under the Phillips Springs Memorial Agreement and the Phillips Springs May Lakes Agreement.

23. Phillips failed to perform its contractual obligations under the Phillips Springs Memorial Agreement and the Phillips Springs May Lakes Agreement.

24. Phillips further failed to "exercise ordinary professional skill and diligence in rendering their professional services" as required by Oklahoma law. *Boren v. Thompson & Assoc.*, 999 P.2d 438 (Okla. 2000); *see also Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981) (recognizing that "there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner").

25. As a result of Phillips' failure to perform its contractual obligations and failure to exercise professional skill and diligence, McShane has been required to defend itself against Plaintiff's claims.

**Third-Party Defendant Kimley-Horn**

26. Third-Party Defendant Kimley-Horn entered into an agreement, dated March 11, 2014, with Continental 279 Fund LLC pursuant to which Kimley-Horn agreed to provide civil engineering services in connection with the development and construction of Springs Memorial.

27. Third-Party Defendant Kimley-Horn entered into an agreement, dated September 18, 2013, with Continental 292 Fund LLC pursuant to which Kimley-Horn agreed to provide civil engineering services in connection with the development and construction of Springs May Lakes.

28. The General Requirements set forth in Exhibit B to the Kimley-Horn Springs Memorial Agreement and the Kimley-Horn Springs May Lakes Agreement provide that "[a]ll plans shall be prepared in general conformance with applicable federal, state, county and local governmental requirements." (Kimley-Horn Springs Memorial Agreement, at Exhibit B); (Kimley-Horn Springs May Lakes Agreement, at Exhibit B). Further, the Scope of Work set forth in Exhibit B provides that the engineering plans, including site plans and paving and grading plans, will be prepared "conforming to applicable federal, state, county and local authorities' requirements . . . and best management practices." *Id.*

29. The Kimley-Horn Springs Memorial Agreement and the Kimley-Horn Springs May Lakes Agreement also explicitly state:

> Consultant will perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of Consultant's profession at the time of service.

(Kimley-Horn Springs Memorial Agreement, at Exhibit C, ¶ 6); (Kimley-Horn Springs May Lakes Agreement, at Exhibit C, ¶ 6).

30. McShane is a third-party beneficiary under the Kimley-Horn Springs Memorial Agreement and the Kimley-Horn Springs May Lakes Agreement.

31. Kimley-Horn failed to perform its contractual obligations under the Kimley-Horn Springs Memorial Agreement and the Kimley-Horn Springs May Lakes Agreement.

32. Kimley-Horn violated the implied duty to perform its services "skillfully, carefully, diligently, and in a workmanlike manner" as required by Oklahoma law. *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981).

33. As a result of Kimley-Horn's failure to perform its contractual obligations and failure to exercise professional skill and diligence, McShane has been required to defend itself against Plaintiff's claims.

**Third-Party Defendant Anchor**

34. Third-Party Defendant Anchor entered into an agreement, dated January 6, 2014, with Continental 279 Fund LLC pursuant to which Anchor agreed to provide civil engineering services in connection with the development and construction of Springs Memorial. *See* Exhibit 13 ("Anchor Springs Memorial Agreement").

35. The General Requirements set forth in the Anchor Springs Memorial Agreement provide that "[a]ll plans shall be prepared in general conformance with applicable federal, state, county, and local governmental requirements." (Anchor Springs Memorial Agreement, at 1). Further, the Scope of Work set forth in the Anchor Springs Memorial Agreement provides that the engineering plans, including site plans and paving

and grading plans, will be prepared "conforming to applicable federal, state, county and local authorities' requirements . . . and best management practices." (Anchor Springs Memorial Agreement, at 5).

36. The Anchor Springs Memorial Agreement also explicitly states:

> Consultant will perform its services using that degree of care and skill ordinarily exercised under similar conditions by reputable members of Consultant's profession at the time of service.

(Anchor Springs Memorial Agreement, at Ex. D, ¶ 9).

37. McShane is a third-party beneficiary under the Anchor Springs Memorial Agreement.

38. Anchor failed to perform its contractual obligations under the Anchor Springs Memorial Agreement.

39. Anchor violated the implied duty to perform its services "skillfully, carefully, diligently, and in a workmanlike manner" as required by Oklahoma law. *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981).

40. As a result of Anchor's failure to perform its contractual obligations and failure to exercise professional skill and diligence, McShane has been required to defend itself against Plaintiff's claims.

**Third-Party Defendant Zeffert**

41. Third-Party Defendant Zeffert was retained by Defendant Continental to serve as the accessibility consultant with respect to the design and construction of the Properties.

42. Third-Party Defendant Zeffert entered into an agreement with Continental 279 Fund LLC pursuant to which Phillips agreed to provide accessibility consulting services for Springs Memorial.

43. Third-Party Defendant Zeffert entered into an agreement, dated March 24, 2014, with Continental 292 Fund LLC pursuant to which Phillips agreed to provide accessibility consulting services for Springs May Lakes.

44. The Zeffert Springs Memorial Agreement and the Zeffert Springs May Lakes Agreement both provide that Zeffert "will perform its services using the degree of care and skill ordinarily exercised under similar conditions by reputable members of Consultant's profession at time of service." *See* (Zeffert Springs Memorial Agreement); (Zeffert Springs May Lakes Agreement).

45. McShane is a third-party beneficiary under the Zeffert Springs Memorial Agreement and the Zeffert Springs May Lakes Agreement.

46. Zeffert completed final site visits of Springs Memorial and Springs May Lakes on December 2, 2015, and April 5, 2016, respectively. Zeffert inspected the Properties for compliance with the FHA and other applicable accessibility laws, and made written recommendations for modifications needed to ensure FHA compliance. McShane subsequently implemented all recommendations provided by Zeffert.

47. Zeffert failed to perform its contractual obligations under the Zeffert Springs Memorial Agreement and the Zeffert Springs May Lakes Agreement.

48. Zeffert violated the implied duty to perform its services "skillfully, carefully, diligently, and in a workmanlike manner" as required by Oklahoma law. *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981).

49. As a result of Zeffert's failure to perform its contractual obligations and failure to exercise professional skill and diligence, McShane has been required to defend itself against Plaintiff's claims.

**Third-Party Defendant Innovative Concrete Solutions**

50. Third-Party Defendant ICS was retained by McShane to install all sidewalks and handicap ramps at the Properties.

51. McShane entered into a Standard Subcontract Agreement with ICS, dated August 16, 2014, pursuant to which ICS agreed to "complete execution of all concrete sidewalks, sidewalks, steps on grade, handicap ramps with truncated domes and patio concrete" at Springs Memorial.

52. McShane entered into a Standard Subcontract Agreement with ICS, dated September 15, 2014, pursuant to which ICS agreed to "complete execution of all concrete sidewalks, sidewalks, steps on grade, handicap ramps with truncated domes and patio concrete" at Springs May Lakes.

53. ICS failed to perform its contractual obligations under the ICs Springs Memorial Subcontract and the ICS Springs May Lakes Subcontract.

54. ICS violated the implied duty to perform its services "skillfully, carefully, diligently, and in a workmanlike manner" as required by Oklahoma law. *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981).

55. As a result of ICS's failure to perform its contractual obligations and failure to exercise professional skill and diligence, McShane has been required to defend itself against Plaintiff's claims.

**Third-Party Defendant Elliott Electrical**

56. Third-Party Defendant Elliott was retained by McShane to execute all electrical work related to the construction of the Properties.

57. McShane entered into a Standard Subcontract Agreement with Elliott, dated August 16, 2014, pursuant to which Elliott agreed to complete the electrical work for Springs Memorial.

58. McShane entered into a Standard Subcontract Agreement with Elliott, dated September 29, 2014, pursuant to which Elliott agreed to complete the electrical work for Springs May Lakes.

59. The Elliott Springs Memorial Subcontract and the Elliott Springs May Lakes Subcontract both provide that the work shall include

> furnish[ing] all labor, materials, permits, equipment, supervision, services, labor taxes, material taxes, insurance, licenses, and any other related cost necessary for a complete execution of all Electrical Work . . . all in it's [sic] entirety and in strict accordance with the Contract Documents enumerated in this Subcontract Agreement and **in strict compliance with the requirements of all federal, state, and local authorities**.

(Elliott Springs Memorial Subcontract); (Elliott Springs May Lakes Subcontract) (emphasis added).

60. Elliott failed to perform its contractual obligations under the Elliott Springs Memorial Subcontract and the Elliott Springs May Lakes Subcontract.

61. Elliott violated the implied duty to perform its services "skillfully, carefully, diligently, and in a workmanlike manner" as required by Oklahoma law. *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981).

62. As a result of Elliott's failure to perform its contractual obligations and failure to exercise professional skill and diligence, McShane has been required to defend itself against Plaintiff's claims.

## V. FIRST CAUSE OF ACTION

### Breach of Contract

57. McShane incorporates by reference the preceding paragraphs as though set forth at length herein.

58. Continental's agreements with Phillips, Kimley-Horn, Anchor, and Zeffert required each of them to provide services in connection with the development and construction of the Properties, as described herein.

59. On information and belief, Phillips, Kimley-Horn, Anchor, and Zeffert each failed to fulfill their contractual obligations, including with respect to ensuring compliance with the FHA.

60. McShane is a third-party beneficiary under Continental's agreements with Phillips, Kimley-Horn, Anchor, and Zeffert.

61. ICS and Elliott's subcontracts with McShane required each of them to provide services in connection with the development and construction of the Properties, as described herein.

62. On information and belief, ICS and Elliott each failed to fulfill their contractual obligations, including with respect to ensuring compliance with the FHA.

63. Each of the Third-Party Defendants is legally responsible for the breach of their respective contracts with Continental and/or McShane.

64. As a direct and proximate result of the Third-Party Defendants' breach of their contracts, McShane has been required to defend itself against Plaintiff's claims and has incurred and will continue to incur attorneys' fees and costs in the defense of those claims, along with potential liabilities.

65. In the event that Plaintiff prevails and obtains the requested injunctive relief, McShane may be legally required to incur significant costs to modify the Properties consistent with the terms of the injunction.

## VI. SECOND CAUSE OF ACTION

### Negligent Breach of Contract

66. McShane incorporates by reference the preceding paragraphs as though set forth at length herein.

67. Each of the Third-Party Defendants had a duty to perform their services in connection with the construction and development of the Properties skillfully, carefully, diligently, and in a workmanlike manner.

68. On information and belief, each of the Third-Party Defendants violated their duty to perform their services skillfully, carefully, diligently, and in a workmanlike manner, including with respect to ensuring compliance with the FHA.

69. Each of the Third-Party Defendants is legally responsible for the breach of their professional duty.

70. As a direct and proximate result of the Third-Party Defendants' professional negligence, McShane has been required to defend itself against Plaintiff's claims and has incurred and will continue to incur attorneys' fees and costs in the defense of those claims, along with potential liabilities.

71. In the event that Plaintiff prevails and obtains the requested injunctive relief, McShane may be legally required to incur significant costs to modify the Properties consistent with the terms of the injunction.

## VII. THIRD CAUSE OF ACTION

### Contribution

72. McShane incorporates by reference the preceding paragraphs as though set forth at length herein.

73. To the extent McShane is found liable to Plaintiff in connection with his FHA claims, said liability is a direct result of the Third-Party Defendants' breach of contract and negligent breach of contract as described above.

74. Accordingly, Oklahoma law provides McShane with a statutory right of contribution for all amounts paid by McShane in excess of McShane's pro rata share of liability.

75. Fairness demands that McShane be entitled to contribution from Third-Party Defendants for liability that is imposed against it in connection with Plaintiff's Complaint, and failure to permit such contribution would impose an injustice upon McShane.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff McShane Construction Company, LLC prays for judgment against the Third-Party Defendants, and each of them, as follows:

A. For the costs incurred in bringing this third-party action, including reasonable attorneys' fees;

B. For contribution with respect to any judgment that Plaintiff Dana Bowman may obtain against McShane;

C. For the costs incurred in defending against the FHA claims asserted by Plaintiff Dana Bowman in the Complaint, including reasonable attorneys' fees; and

D. For all other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Lori Fixley Winland
Randolph E. Ruff (Admitted *Pro Hac Vice*)
Eric A. Berg (Admitted *Pro Hac Vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 558-1220
randolph.ruff@ogletree.com
eric.berg@ogletree.com

Lori Fixley Winland, OBA #32159
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
621 N. Robinson Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Telephone: (405) 546-3759
Facsimile: (405) 546-3775
lori.winland@ogletree.com

***ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF, MCSHANE CONSTRUCTION COMPANY, LLC***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 27th day of February, 2019, she electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notification of such filing to the following:

Eric G. Calhoun
CALHOUN & ASSOCIATES
1595 N. Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com

Brian M. Dell
BRIAN M. DELL PC
501 NW 13th Street
Oklahoma City, OK 73103-2203
BDell@BrianDell.com

/s/ Lori Fixley Winland
Lori Fixley Winland

37101728.1